UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD J. LAGUNA,

                                   Plaintiff,                  19 Civ. 6275 (PAE) (DCF)

                        -v-

COMMISSIONER OF SOCIAL SECURITY,                OPINION & ORDER

                                  Defendant.

---

PAUL A. ENGELMAYER, District Judge:

       On July 8, 2019, plaintiff Richard Laguna filed this action, seeking review of the final decision of defendant, the Commissioner of Social Security ("Commissioner").  Dkt. 1.  That decision denied Laguna Supplemental Security Income ("SSI") benefits under the Social Security Act.  Dkt. 1-1.  On March 16, 2020, Laguna filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), reversing the Commissioner's decision, or, in the alternative, remanding for further administrative proceedings.  Dkt. 16.  On July 23, 2020, the Commissioner filed a cross-motion for judgment on the pleadings under Rule 12(c), affirming the Commissioner's decision.  Dkt. 22.

       Before the Court is the March 8, 2021 Report and Recommendation of the Honorable Debra C. Freeman, United States Magistrate Judge.  Dkt. 25 ("Report").  The Report recommends that the Court grant Laguna's motion to remand for further proceedings and deny the Commissioner's cross-motion.  *See* Report at 2.  The Report further recommends that, upon remand, the ALJ be directed:

       (1)      to reconsider the weight that should be assigned to the medical opinion of Dr. Mazumdar, Plaintiff's treating physician, under the treating physician rule; and,

> (a) before potentially re-assigning Dr. Mazumdar's opinion less than controlling weight, to seek clarification from Dr. Mazumdar as to the bases of her opinion, including any part of her opinion that the ALJ may perceive as inconsistent with either the clinical evidence in the Record or the opinions of other medical professionals;
>
> (b) before potentially re-assigning Dr. Mazumdar's opinion greater weight than the opinions of the consultant examiners, to seek clarification and updates from the consultants regarding their opinions as to the extent of Plaintiff's functional limitations; and
>
> (c) to set out good reasons for any continued discounting of Dr. Mazumdar's opinion regarding Plaintiff's exertional and non-exertional limitations;
>
> (2) to re-evaluate Plaintiff's subjective complaints regarding his symptoms, in light of the medical record and in accordance with the factors set out in 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), with particular focus on his complaints about the combined effect of his physical and mental impairments (particularly, his diagnoses of depression, chronic pain, and CRPS), and then set out her reasoning as to the extent of any functional limitations resulting from such symptoms; and
>
> (3) upon reweighing the opinion evidence and re-evaluating Plaintiff's subjective complaints, to reconsider Plaintiff's RFC, and, if necessary, to recall the VE for additional testimony to evaluate whether Plaintiff's reassessed RFC would preclude employment for Plaintiff during the relevant period.

*Id.* at 76–77. The Report also stated that the parties were required to file any objections within 14 days from the date of service of the Report. *Id.* at 77. To date, the Court has received no objections.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y.

Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. UPS*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  As no party has submitted objections to the Report, review for clear error is appropriate.

Careful review of this particularly thorough and well-reasoned Report reveals no facial error in its conclusions.  The Report, which is incorporated by reference herein, is adopted without modification.  Laguna's motion to remand for further proceedings is granted, and the Commissioner's cross-motion for judgment on the pleadings is denied.

The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

## CONCLUSION

Laguna's motion to remand for further proceedings is granted, and the Commissioner's cross-motion for judgment on the pleadings is denied.  The Clerk of Court is respectfully directed to terminate the motions pending at dockets 16 and 22 and close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 23, 2021
　　　　New York, New York